UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RHODDY DANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00581-TWP-TAB |
| | ) | |
| JOHN DOE, | ) | |
| SHARKEY TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT**

**I.      Introduction.**

This cause is before the Court on Plaintiff Rhoddy Dance's motion for leave to amend his

complaint.  [Filing No. 17.]  By way of this motion, Dance seeks to add Danny Morrow as a

Defendant in place of the John Doe Defendant named in the complaint.  As set forth more fully

in the response filed by Defendant Sharkey Transportation, Inc., the motion must be denied.

Dance is attempting to add Morrow as a Defendant after the applicable limitations period has

passed, and the addition of Morrow does not relate back to the filing of any prior pleading.

Accordingly, Plaintiff's motion for leave to amend is denied.

**II.      Discussion.**

The accident giving rise to this lawsuit occurred on July 2, 2021.  Pursuant to Ind. Code §

34-11-2-4, the applicable limitations period for Dance's claim is two years.  Dance filed his first

amended complaint for damages against Sharkey on December 29, 2022, alleging that Dance

believed Sharkey was the employer of John Doe, a commercial driver who allegedly caused the

July 2 accident.

Through GPS information produced by Sharkey in discovery on June 12, 2023, Plaintiff learned that Morrow was operating a Sharkey tractor trailer near the areas of the collision at the time of the collision.  Accordingly, Dance knew of the identity of Morrow and his likely involvement on June 12, 2023, 20 days before the limitations period expired.  Nevertheless, Dance did not file his motion for leave to amend until August 15, 2023—44 days after the limitations period passed.

Under Federal Rule of Civil Procedure 15(c)(1)(C), an amendment to a pleading that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original pleading so long as: (1) the amendment asserts a claim or defense arising out of the same conduct, transaction, or occurrence as the original complaint; (2) "within the period provided by Rule 4(m)," the party added by amendment "received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) the added party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  The Seventh Circuit Court of Appeals specifically addressed whether an amendment to a party's "John Doe" status constituted a "mistake" under Rule 15 in *Herrera v. Cleveland,* 8 F.4th 493, 498-99 (7th Cir. 2021).  The Court held, unequivocally, that it did not.

As in *Herrera,* Dance made a conscious choice to sue a John Doe Defendant, not an inadvertent error, and now seeks to add Morrow as a Defendant after the limitation period has run.  The proposed amendment is untimely and cannot be permitted.  Dance's failure to respond to Defendant Sharkey's objection to his proposed amended complaint suggests Dance has no serious argument to offer to the contrary.

2

**III.    Conclusion.**

For these reasons, any claim against Morrow is time barred.  Dance's motion for leave to

amend [Filing No. 17] is denied.


Date:  9/19/2023

                                                _____

                                                Tim A. Baker
                                                United States Magistrate Judge
                                                Southern District of Indiana


All ECF-registered counsel of record via email.